UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>OAK AND FORT ENTERPRISE (U.S.), INC,<br><br>    Defendant. | Case No. 5:21-cv-00668-EJD<br><br>**ORDER DENYING MOTION TO DISMISS;** *SUA SPONTE* **DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 24, 25 |

    Plaintiff Brian Whitaker ("Plaintiff") filed this action against Oak and Fort Enterprise (U.S.), Inc ("Defendant") for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53, based on an allegedly inaccessible sales counter at the Oak + Fort located at or about 2855 Stevens Creek Blvd, Santa Clara, CA 95050 ("Store"). Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Def.'s Notice of Mot. and Mot. to Dismiss Pl.'s Compl. for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), Dkt. Nos. 24, 25 ("Mot."). Having considered the Parties' submissions, the relevant law, and the record in this case, the Court will deny Defendant's motion to dismiss. However, the Court will *sua sponte* dismiss Plaintiff's Unruh Act claim without prejudice.

**I.    BACKGROUND**

    Plaintiff is a level C-4 quadriplegic who uses a wheelchair for mobility. Compl. for Damages and Injunctive Relief ("Compl.") ¶ 20, Dkt. No. 1. Plaintiff visited the Store in January 2021. *Id*. ¶ 8. During Plaintiff's visit, the Store's ADA compliant sales counter was allegedly blocked by a clothing rack, rendering the sales counter inaccessible and the Store noncompliant.

1

Case No. 5:21-cv-00668-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING UNRUH ACT
CLAIM WITHOUT PREJUDICE

Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Compl. ("Opp'n") at 4, Dkt. No. 26. Plaintiff hired investigator Tim Wegman who submitted photographs from his investigation that confirmed the sales counter was blocked on January 21, 2021. Decl. of Tim Wegman in Support of Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Wegman Decl."), Dkt. No. 26-1; Wegman Decl. Ex. 1, Dkt. No. 26-2.

At a joint site inspection on July 7, 2021, Defendant's counsel "advised Plaintiff's counsel and inspector that the [ADA compliant sales counter] was in compliance" and that the clothing rack had been moved out of the way. Mot. at 6. On August 31, 2021, Defendant hired Certified Access Specialist ("CASp") Bassam Altwal to conduct an inspection of the Store. *Id*. at 5. Altwal subsequently certified that the entire Store was ADA compliant and that the Store met the requirements of the 2010 ADA Standards for Accessible Design ("2010 ADAS") and the 2013 California Building Code ("CBC").

Defendant now argues that Plaintiff's ADA claim should be dismissed as moot because the only relief available to a private plaintiff under the ADA is injunctive relief and Defendant has already provided Plaintiff that relief by ensuring its Store is ADA compliant. *Id*. at 8.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of lack of subject matter jurisdiction by motion. "Mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [so it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A challenge to subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Id*. at 1039; *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the complaint without converting a

2

Case No. 5:21-cv-00668-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE

motion to dismiss into one for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039. "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039.

In this case, the question of whether there are violations of the ADA at the Store is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore treat the motion to dismiss for mootness as a motion for summary judgment.

Applying the summary judgment standard, the moving party, Defendant, must establish that "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the Court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

### III. DISCUSSION

#### A. ADA Claim

Defendant contends that Plaintiff's ADA claim is moot because "Defendant has removed any obstruction[s] that may have existed as alleged in Plaintiff's [c]omplaint" and the Store is now

3

Case No.  5:21-cv-00668-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE

"completely ADA compliant." Mot. at 3. In response, Plaintiff notes that the Store's counter was blocked during both Plaintiff's visit and his investigator's visit, and thus Plaintiff argues that the obstructions are a policy violation capable of repetition and are not mooted by Defendant's mere compliance. *See* Opp'n at 4.

Based on the parties' competing claims, the Court cannot resolve the mootness issue without making a factual finding as to the effectiveness of Defendant's remediation in demonstrating that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Opp'n at 10 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Defendant's efforts can be compared to those undertaken in *Johnson v. Holden*, No. 5:18-CV-01624-EJD, 2020 WL 1288404, at *1–2 (N.D. Cal. Mar. 18, 2020). In *Holden*, plaintiff alleged that during his visits to defendants' business, the existing ADA-compliant van accessible parking spot was blocked. The court dismissed the claim as moot because defendants presented substantial evidence establishing that there was no danger of future violations. Specifically, defendants immediately remedied the alleged violation after the initiation of the action; hired a CASp to review the site to ensure the alleged barriers no longer existed, and to make other ADA improvements that were not alleged in in the complaint; informed employees not to block the parking space; placed cones and a "tow away" sign around the parking space; wrote a policy and practice manual for the store's owners, managers, and employees "that stated [d]efendants would provide reasonable accommodations to the disabled so long as it would not fundamentally alter business;" instituted a checklist and log for each shift to ensure the parking space was not being blocked; and signed a three-year contract with another CASp to complete bi-annual inspections to ensure the store remained compliant. *Holden*, 2020 WL 1288404, at *1–2.

Here, by contrast, Defendant has not presented sufficient evidence for the Court to conclude that Plaintiff's ADA claim is moot. Defendant makes no mention of steps taken to ensure the ADA compliant sales counter will not be blocked again in the future. "[A] defendant's

voluntary cessation of allegedly wrongful conduct is unlikely to moot a case." *Id*. at *4 (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A defendant claiming its voluntary compliance moots a case bears the formidable burden of showing the wrongful conduct will not recur. *Friends of the Earth, Inc.*, 528 U.S. at 189. Defendant has not met that burden. Accordingly, Defendant's motion to dismiss is denied.

### B. Unruh Act Claim

The Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to 28 U.S.C. § 1367(c)(4) because the Court finds that exceptional circumstances warrant declining jurisdiction. *See Arroyo v. Rosas*, 19 F. 4th 1202, 1211–14 (9th Cir. 2021). This case is in its early stages, so concerns of judicial economy, convenience, fairness to litigants, and comity do not favor retaining jurisdiction. *See id*. at 1214. Plaintiff's status as "a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction to circumvent California's procedural barriers to such suits—present[s] the type of exceptional circumstances contemplated by section 1367(c)(4)" to decline supplemental jurisdiction. *Whitaker v. Alice & Olivia California Holdings LLC*, 2022 WL 1135088, at *1 (N.D. Cal. Apr. 18, 2022); *Garcia v. Maciel*, 2022 WL 395316, at *3 (N.D. Cal. Feb. 9, 2022) (collecting cases).

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the ADA claim is **DENIED**. Plaintiff's claim under the Unruh Act is **DISMISSED** *sua sponte* **without prejudice** to refiling in state court. Considering the dismissal of Plaintiff's Unruh Act claim, it is not obvious whether Plaintiff would want to continue pursuing his ADA claim separately, rather than proceeding solely on his Unruh Act claim in state court or filing both in state court. Plaintiff is therefore ORDERED to file within ten days either: (1) a motion or stipulation to dismiss his ADA claim; or (2) a status report indicating that he would like to proceed on that claim in this Court.

If Plaintiff elects to proceed with his ADA claim in this forum, the Court intends to allow Defendant the option of proceeding with jurisdictional discovery before Plaintiff pursues

5

Case No.  5:21-cv-00668-EJD
ORDER DENYING MOTION TO DISMISS; *SUA SPONTE* DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE

discovery on mootness and other issues.  If Defendant opts for jurisdictional discovery, Defendant will be permitted to take discovery on, among other things, Plaintiff's intent to return and whether he did, in fact, personally visit the Store.  Defendant shall notify the Court within 10 days of Plaintiff's status report whether it would like a 3-month period of jurisdictional discovery.

**IT IS SO ORDERED.**

Dated:  August 1, 2022

EDWARD J. DAVILA
United States District Judge